TOM PERKINS v. THE STATE.

1—In trials for felony, where circumstantial evidence is relied on by the prosecution, the circumstances must be of a conclusive nature and tendency, excluding any other hypothesis than the guilt of the party charged.

2—Stolen articles, concealed in a trunk, were found in a house occupied by the defendant and his wife, who gave no satisfactory account of them. The evidence did not indicate conclusively that both were guilty, nor designate which of the two was the guilty one. The husband was indicted and convicted of the theft of the articles. *Held*, that the conviction could not be sustained.

APPEAL from McLennan.   Tried below before the Hon. A. J. Evans.

Appellant was indicted for the theft of a lady's cloak, valued at twenty-five dollars, the property of E. A. Sturgis, a mer-

·chant at Waco. The cloak was taken from Mr. Sturgis' store at an indefinite time in the autumn of 1868. The proof of its having been stolen by some one was full and positive. Between ·one and two months after it was missed, a peace officer, acting ·under a search warrant, found it in a trunk which was in a house occupied by the appellant and his wife. The trunk was unlocked, and contained other articles of women's clothing, ·and a man's shirt or two. Neither the appellant nor his wife ·were called on, so far as the record shows, to account for the ·cloak being found in their house. It was in evidence that both of them had frequently been in the store shortly before the ·cloak was missed.

The defendant being found guilty, and his motion for a new ·trial being overruled, he appealed.

*Alexander & Davis, and Charles A. Jennings,* for the appellant, filed a very cogent argument upon the facts of the case.

No brief for the State.

Lindsay, J.—According to the rules of law, applicable to the facts proved upon the trial of this cause, there is an invincible and fatal objection to the verdict of the jury and judgment of the.court.

The charge is a felonious taking or stealing of certain personal property from the possession of the owner; embracing in it all the essential requisites of the crime of theft, as defined by the code. By the testimony the *corpus delicti* is established with sufficient legal certainty. The stolen property was, a month or more after, found in a trunk, in a house occupied by the defendant and his wife. The possession of the house, with his wife, was, in contemplation of law, and for all *civil* purposes, the possession of the husband. But in criminal acceptation, and for criminal accountability, it was the *actual* possession of each, and of both. So of the trunk, in which the stolen goods were deposited or concealed. Either the husband or the wife, then, may have acquired this stolen property, and thus

deposited or thus concealed them, and may have been the guilty taker, or the guilty receiver; and the other may have been totally ignorant of the legal ownership, or the methods of its acquisition.

The rule of evidence in public prosecutions for misdemeanors is, where a party is charged to have done an act, the charge may be sustained by proof, that he caused it to be done by another: according to that well understood maxim, *qui facit per alium, facit per se.* This rule of evidence, however, does not obtain in trials for felony. The guilty agency deduced from the possession of stolen property, with a refusal or an inability to account satisfactorily for that possession, was necessarily inferred by the jury in this case—because such possession, under the circumstances, was a necessary element to show that guilt. If the husband had been the sole possessor of both house and trunk, the inference of guilt would not only have been legitimate and proper, but it would have been stringent and irresistible, unless he gave a full and satisfactory account of the means of that possession. But the application of this rule of law to the facts of this case, brings it in conflict with a superior and paramount rule of evidence, suggested by the essential principles of natural justice, and wisely adopted as a necessary safeguard of the life and liberty of the citizen. This rule of evidence is, that in all trials for felony, involving the liberty or the life of a party, the circumstances to show the guilt of the party charged, must be of a conclusive nature and tendency. Wherever any other hypothesis can be predicated of the facts proved, consistent with the innocence of the party accused, it would be tyranny, oppression and the grossest injustice, to demand a victim to expiate an offense against the law from such uncertain demonstrations by the evidence. The facts in this case apply as well to the wife as to the husband. And unless there were sufficient circumstances, developed by the testimony, to fix a rational conviction in the mind that it was the one, rather than the other, who perpetrated the theft, or was the willing recipient of the stolen property, knowing it

to be stolen, neither the verdict nor the judgment ought to be permitted to stand.

The judgment of the court below is reversed, and a new trial awarded the prisoner.

Reversed and remanded.